IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

July 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

JANET PHILLIPS, Individually       )    HAMILTON COUNTY
and in behalf of the Estate        )    03A01-9709-CV-00428
of JAMES PHILLIPS                  )
                                   )
     Plaintiff-Appellee            )
                                   )
     v.                            )    HON. ROBERT M. SUMMITT,
                                   )    JUDGE
WATKINS MOTOR LINES, INC., and     )
MICHAEL J. BARTHOLOMEW             )
                                   )    AFFIRMED IN PART; REVERSED
     Defendants-Appellants         )    IN PART; and REMANDED


DAVID L. FRANKLIN OF CHATTANOOGA FOR APPELLANTS

MARVIN BERKE OF CHATTANOOGA FOR APPELLEE



O P I N I O N



                                        Goddard, P.J.



          Janet Phillips, individually and on behalf of the

estate of her husband, James Phillips, sues Watkins Motor Lines,

Inc., and its employee, Michael J. Bartholomew, for injuries

received by her and the death of her husband as a result of being

struck by an automobile being operated by Michael J. Bartholomew

while crossing Ringgold Road in Chattanooga.

As to Mrs. Phillips' claim the jury found both she and Mr. Bartholomew were 50 percent at fault. As to Mr. Phillips' claim the jury found Mr. Phillips was 49 percent at fault and Mr. Bartholomew 51 percent. It further awarded damages in the amount of $300,000 for Mr. Phillips' death. The Trial Judge, in accordance with the Tennessee Rule of Comparative Negligence, dismissed Mrs. Phillips' claim, a determination which she has not appealed, and reduced the jury verdict as to the estate to $153,000.

On post-trial motion he also ordered discretionary costs of $1523 incident to the taking of a doctor's deposition relative to the reasonableness of a hospital bill, and $1007.90 incident to a video tape deposition of a police officer relative to his accident report.

The Defendants' appeal raises two issues:

### ISSUE I

Did the trial court err in overruling Defendant's Motion to Enter Judgment in Accordance With Motion For Directed Verdict and/or For A New Trial?

### ISSUE II

Did the trial court err in ordering defendants to pay for the costs incurred by plaintiffs in proving the bill of Erlanger Hospital, and in proving certain measurements that were contained on the police report?

Upon viewing the evidence in a light most favorable to the Plaintiffs, which we must do when considering a jury verdict

approved by the Trial Court, we find the facts necessary to disposition of this appeal to be as follows.

On the date of the accident, October 13, 1992, Mr. Phillips was 68 years of age and Mrs. Phillips 59. Mr. Phillips was totally deaf in his right ear and Mrs. Phillips' ability to walk was impaired because of recent surgery to her left knee. She normally walked with a cane. However, on the occasion of the accident she opted not to use the cane because she would be able to hold onto her husband for support.

They left their home in Chippewa Lake, Michigan, and were on their way to their winter home in Florida. After driving some 13 hours--approximately half way--they stopped for the night in Chattanooga, and after watching the Vice-Presidential debate between Vice-President Quayle and Senator Gore, while consuming a quantity of alcohol,[1] decided about 8:30 p.m. to go to a Shoney's Restaurant for their evening meal.

The restaurant was located on the north side of Ringgold Road and the motel where the Phillipses were staying on the south side. Ringgold Road is a heavily traveled four-lane thoroughfare and also has a turning lane between the east and west bound lanes, as well as what is known as a storage lane

---

[1] Mr. Phillips' blood alcohol level was estimated to be .07 at the time of the accident which, of course, would raise no presumption of impairment under T.C.A. 55-10-408 had he been driving an automobile.

3

adjoining the west two lanes on the north and the east two lanes on the south.  From curb to curb the roadway is 76 feet in width.

Notwithstanding the fact that a cross walk controlled by a traffic light was available for crossing Ringgold Road, some 260 feet to the west, the Phillipses chose to cross Ringgold Road between intersections.  After almost, if not entirely, crossing the four lanes of Ringgold Road they were struck by the right front corner of the vehicle being driven by Mr. Bartholomew, who was in the outside west-bound lane and traveling at approximately 30 to 35 miles per hour, which was within the 40 mile posted speed limit.  The point of impact was at the south edge of the storage lane or within that lane.

Mrs. Phillips never saw the Bartholomew vehicle and, apparently, neither did Mr. Phillips, although there was nothing to obstruct his vision and nothing to obstruct her vision except, perhaps, Mr. Phillips, who was walking beside her to her right and was nearest the west-bound traffic.

Although Mr. Bartholomew's vision was likewise unobstructed, he never saw the Phillipses before impact.

Clearly, all those involved were guilty of some negligence, and given Mr. Phillips' hearing impairment we cannot say that the evidence does not support the allocation of fault made by the jury.

4

We recognize that Mrs. Phillips, who was to Mr. Phillips' left, was not in as good a position to see the oncoming vehicle as was he, and an argument may be made that his fault should equal or exceed that of hers. However, we question whether the allocation of fault as to Mrs. Phillips is properly before us as no appeal was prosecuted as to her, but even if she had perfected an appeal the jury might well find that Mrs. Phillips' negligence exceeded that of her husband because her hearing was not impaired.

In summary, we are disinclined to second guess a jury when dealing with a two percent difference as to allocation of fault.

As to issue two, the Plaintiff asked the Defendants to admit the reasonableness and the necessity of an Erlanger Hospital bill in the amount of $20,117.98, which was charged by the hospital for the three hours and 49 minutes that he was treated there before his death. They also asked the Defendants to admit the accuracy of certain information on a police report made by an officer who investigated the accident.

The authority and propriety for adjudging discretionary costs upon a parties failure to admit is controlled by Rule 37.03 of the Tennessee Rules of Civil Procedure:

> **37.03. Expenses on Failure to Admit.**--If a party fails to admit the genuineness of any document or the

truth of any matter as requested under Rule 36, and if
the party requesting the admissions thereafter proves
the genuineness of the document or the truth of the
matter, the requesting party may apply to the court for
an order requiring the other party to pay the
requesting party the reasonable expenses incurred in
making that proof, including reasonable attorney's
fees.  The court shall make the order unless it finds
that (1) the request was held objectionable pursuant to
Rule 36.01, or (2) the admission sought was of no
substantial importance, or (3) the party failing to
admit had reasonable ground to believe that he might
prevail on the matter, or (4) there was other good
reason for the failure to admit.

In the present case, the Erlanger Hospital bill, as
already noted, totaled $20,117.98 for services rendered Mr.
Phillips during the three hours and 49 minutes he was a patient
in the hospital before his demise.

We believe that, although the hospital bill was
admitted into evidence, the amount charged for the period
involved was sufficient to justify the Defendants' denial, and
that they come within the Subsection 4 exception to the Rule.

Moreover, it appears from the testimony of the doctor
who attempted to justify the bill that he, as set out in the
brief of the Defendants, "did not know whether or not the charges
for the trauma unit and the operating room were for the entire
day or just the period of time that Mr. Phillips was treated, nor
was he able to testify concerning the 'supplies' that were
charged for."

6

As to the denial of the accuracy of the police report, it is evident and was confirmed by the officer preparing it that he mistakenly designated north as south and south as north. This alone, we believe, was sufficient to raise a question in counsel's mind as to the accuracy of the other matters shown on the report. We conclude that as to the police report, subsection 4 likewise applies and counsel was justified in their denying its accuracy.

For the foregoing reasons the judgment of the jury approved by the Trial Court is affirmed and that of the Trial Judge awarding discretionary costs is reversed. The cause is remanded for collection of the judgment and costs below. Costs of appeal are adjudged against the Defendants and their surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
William H. Inman, Sr.J.